U.S. Bankruptcy Court
District of Idaho
Filed: May 14, 2004
At: 10:00 a.m.
By: Sylvia Wirth

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>SETH D. REBNER,<br><br>Debtor. | **Bankruptcy Case**<br>**No. 04-00976** |

### MEMORANDUM OF DECISION

On May 10, 2004, Creditor R.C. Willey Financial Services filed a Reaffirmation Agreement (the "Agreement"), which had apparently been executed by Creditor and by Debtor Seth Rebner on April 22, 2004. Docket No. 6. The Agreement was forwarded by the Clerk to the undersigned bankruptcy judge for review, with a request from Creditor that an order approving the Agreement be

MEMORANDUM OF DECISION - 1

entered by the Court. *See* L.B.R. 4008.1. Based upon the record in this case and the documents submitted by Creditor, the Court declines to enter such an order.

A copy of a sales invoice was attached to the Agreement. It evidences that, in July 2003, Debtor purchased the following household goods from R.C. Willey for the amounts indicated: washer – $229.99; dryer – $259.95; television – $429.99; DVD player – $99.99; air conditioner – $99.95; and a cocktail table – $229.99, for a total of $1,349.86. Creditor financed the purchase.

According to the Agreement, when Debtor filed for Chapter 7 bankruptcy relief on March 22, 2004, Debtor owed Creditor $2,013.26 on this contract. In the Agreement, Creditor agrees to allow Debtor to retain the goods if Debtor pays Creditor $1,129.00, together with 21% interest, in 33 monthly payments of $45.00 each. Creditor apparently agreed to accept this reduced amount because, according to the Agreement, it represents 93% of the original cost of the washer and dryer, and 80% of the original cost of the other items. The approach taken by Creditor in establishing the amount of the debt to be reaffirmed by Debtor is consistent, in the Court' experience, with the many other reaffirmations submitted for approval by Creditor over recent months, even years.

MEMORANDUM OF DECISION - 2

On the basis of the information submitted, the Court declines to accept that the amount of the reaffirmation, in this case $1,129.00, in any way represents a reasonable or good faith estimate of the fair market value of the households goods subject to Creditor's lien. There is nothing in the Agreement to suggest the goods were appraised. The values used are inconsistent with the values placed on the goods, as near as the Court can tell, by Debtor in his schedules, although some of the goods are not even listed in the schedules.[1] Realistically, households goods purchased nearly a year ago, and presumably used by Debtor in his home thereafter, would have significantly depreciated in value, presumably much more than either the 7% suggested by Creditor as to the washer and dryer, or even the 20% for the other goods. Therefore, without more evidence, the Court cannot in good conscience conclude it is in Debtor's best interests to reaffirm and pay this debt, with its considerable interest rate, over the next three years. Unless Creditor either reduces its values to a reasonable level, or

---

[1] Debtor has obviously agreed to pay the values set forth in the Agreement, and Debtor's counsel has "signed off" on the Agreement certifying that Debtor's decision was an informed one. However, the Court exercises independent judgment in deciding whether to approve such arrangements. The Court doubts Debtor is financially capable of litigating with Creditor over such small amounts. Moreover, the Court doubts a debtor's attorney is motivated to withhold his consent in such cases, given Creditor's option, however illusory, of reclaiming the goods, and the volume of bankruptcy cases in which Creditor is involved in this District.

MEMORANDUM OF DECISION - 3

supports its opinions of value with an independent third-party appraisal or other competent evidence submitted at a hearing before the Court, the undersigned hereby declines to approve the Agreement.[2]

Therefore, Creditor shall be allowed twenty-one (21) days from the date hereof within which to substantiate the values set forth in the Agreement as discussed above. Failing to do so, the Court will enter an order denying approval of the Agreement without further notice.

DATED This 14th day of May, 2004.

*[signature]*

JIM D. PAPPAS
CHIEF U.S. BANKRUPTCY JUDGE

---

[2] While, of course, the Court will review any proposed reaffirmation submitted for approval based upon the record and facts of each individual case, as noted above, it is the Court's opinion that Creditor frequently over-values its collateral in reaffirmation agreements. By taking this approach, Creditor taxes the resources of the Court and Clerk's staff, and impairs the credibility of Creditor's value estimates. If the practice continues, the Court will be compelled to require additional proof of the accuracy of the suggested values in each case before the reaffirmation can be approved.

MEMORANDUM OF DECISION - 4

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

Office of the U.S. Trustee
jeff.g.howe@usdoj.gov
gary.mcclendon@usdoj.gov

Richard Crawforth
rcrawforth@cableone.net

**Via Email**

Michael Schindele, Esq.
P. O. Box 1990
Boise, Idaho 83701

Jake Peterson, Esq.
1215 W. Hays Street
Boise, Idaho 83702

**Via U.S. Mail**

Note re E-mail service: A ".pdf" version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judges, please access the Court's Internet web site, www.id.uscourts.gov.

CASE NO.:   04-00976

CAMERON S. BURKE, CLERK
U.S. BANKRUPTCY COURT

DATED:   May 14, 2004

By/Sylvia Wirth, Deputy Clerk

MEMORANDUM OF DECISION - 5